O’NIELL, C.
 
 J.
 

 This is a proceeding to cancel, a pavement lien recorded against the property of the relators. They sold to the city of Baton Rouge the land which forms' that part of the street for the pa-ving of which the lien was recorded against their property; and they contend that the city was bound by the terms of the contract of sale to pay the cost of paving that part of the street. The district court decided in favor of the city. The relators have appealed from the decision.
 

 That part of the street, for the paving of which the lien is recorded against the property of the relators, is the southern extension of Golden Rod avenue, now called Park boulevard. Before the avenue was extended its southern end was at the north boundary line of the relators’ property; which is bounded on its north side by a subdivision called Rose-land terrace, and on its south or southwest side by Middle Highland' road, or Perkins road, leading northwestward into Baton Rouge. In March, 1922, the city extended Golden Rod avenue southward to Middle Highland road, or Perkins road, by buying from the relators a strip of land, 84 feet wide (being the width of the avenue) and extending from the southern end of the avenue to the north side of Middle Highland road. The strip of land, or extension of the avenue, •measures 171 feet on its west line and 209 feet on its east line. The consideration for .the sale was stated in the deed thus;
 

 “This sale is made and accepted for and in consideration of the price and sum of One Thousand Dollars ($1,000.00) cash; and as a further consideration the City of Baton Rouge agrees and binds itself to remove and erect all necessary fences along the roadway, ‘ gravel or pave, maintain and keep in good repair the roadway from Roseland Terrace to
 
 *406
 
 the Middle Highland Road (Perkins Road), all at its own expense and without any cost whatever to the vendors.”
 

 The city paid the $1,000 at the time of the sale, and immediately thereafter removed the fences from the ends of the street extension, erected fences along its sides, graveled it, and put in the necessary concrete curbs and gutters. In 1925, in response to a petition of one-fourth of the owners of the property fronting on Golden Rod avenue, or Park boulevard, and under the provisions of the Paving Law (Act No. 61 of 1922, § 1, amending and re-enacting section 35 of Act No. 169 of 189S), the city paved the avenue or boulevard, including the extension through relators’ property, with Warrenite paving, and, in accordance with the statute, levied the cost upon the adjacent property owners, in proportion to the length of their property lines. The amount so charged to the relators is $2,067.07.
 

 The contention of the relators is that the city’s obligation to “gravel or pave” the extension of the avenue, and to keep it in repair, at the city’s expense, compelled the city to bear the cost, not only of the graveling, but also of the subsequent paving of that part of the avenue or boulevard. There would be some merit in this contention if the municipal authorities had known, when they elected to gravel the extension, that the property owners along the avenue would soon petition the municipality to pave the avenue with a more expensive material. But it is not contended that the municipal authorities were not in good faith in that respect, or that they had in mind, when they elected to gravel the extension of the avenue, that they would be called upon eventually to pave the avenue with a hard surface and more expensive material. tinder their contract with the relators, the municipal authorities had the option either to gravel the extension of the avenue or to put down,a more expensive pavement. Having elected to gravel the extension, the city fulfilled its obligation by making a complete job of graveling the extension and constructing the necessary concrete curbs and gutters. It is -not disputed that the job of graveling the extension of the avenue was a complete and satisfactory job, intended to be enduring.
 

 The only theory on which the suit of the relators could be maintained would be that, by the terms of their contract with the city, their property was perpetually exempted from the imposition of a lien for any part of the cost of paving or repaving Golden Rod' avenue, now Park boulevard. We doubt that the commission council of the city of Baton Rouge had the authority in law to impose an everlasting obligation of that kind upon the municipality. It is sufficient, however, to say that the contract which was made gave the city the option either to gravel or pave — and therefore did not require the city to gravel and pave — that part of the avenue extending through the property of the relators, and that the city fulfilled its obligation by graveling that part of the avenue.
 

 The judgment is affirmed.